No. 23-1787

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

### VIVINT, INC.,

*Appellant*

v.

### ADT LLC, ALARM.COM INC.,

*Appellees,*

_____

APPEAL FROM THE PATENT TRIAL AND APPEAL BOARD OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE
NO. IPR2021-01374 (U.S. PATENT NO. 7,956,739)
(Hon. Iftikhar Ahmed, Hon. Charles J. Boudreau, and Hon. Michael R.
Zecher, Administrative Patent Judges)

_____

### APPELLEES ADT LLC, ALARM.COM INC. RESPONSE BRIEF

_____

SHARONMOYEE GOSWAMI
**CRAVATH, SWAINE &**
**MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1928

KEITH R. HUMMEL
**CRAVATH, SWAINE &**
**MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1772

*Attorneys for Appellees*

OCTOBER 25, 2023

**U.S. Patent No. 7,956,739**

Claim 1

1.      A method for providing distributed access services between a watcher and at least one personal presentity, the method comprising:

>   receiving, at a computing device, an alert from a personal presentity;

>   determining a current location of the watcher;

>   providing a notification associated with the alert to the watcher; and

>   storing data related to a current location of the watcher.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-1787 |
| **Short Case Caption** | Vivint, Inc. v. ADT LLC |
| **Filing Party/Entity** | ADT LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/09/2023

Signature: /s/ Sharonmoyee Goswami

Name: Sharonmoyee Goswami

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| ADT LLC | ADT Inc. | ADT Inc. |
|  | Alarm.com Incorporated | Apollo Global Management |
|  | Alarm.com Holdings, Inc. | State Farm Fire & Casualty Company |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐   Additional pages attached

iii

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| William H. Mandir<br>Sughrue Mion PLLC | David P. Emery<br>Sughrue Mion PLLC | Matthew J. Boggess<br>Cravath, Swaine & Moore LLP |
| Marc J. Khadpe<br>Cravath, Swaine & Moore LLP | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

iv

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-1787

**Short Case Caption** Vivint, Inc. v. ADT LLC

**Filing Party/Entity** Alarm.com Incorporated

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/09/2023

Signature: /s/ Sharonmoyee Goswami

Name: Sharonmoyee Goswami

FORM 9. Certificate of Interest

Form 9 (p. 2)<br>March 2023

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Alarm.com Incorporated | ADT LLC | Alarm.com Holdings Incorporated |
| | ADT Inc. | |
| | Alarm.com Holdings Incorporated | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable            ☐   Additional pages attached

| | | |
|---|---|---|
| William H. Mandir<br>Sughrue Mion PLLC | David P. Emery<br>Sughrue Mion PLLC | Matthew J. Boggess<br>Cravath, Swaine & Moore LLP |
| Marc J. Khadpe<br>Cravath, Swaine & Moore LLP | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable            ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

vii

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ix

STATEMENT OF RELATED CASES ....................................................1

INTRODUCTION ..............................................................................1

STATEMENT OF ISSUES PRESENTED ...............................................1

SUMMARY OF ARGUMENT ..............................................................2

ARGUMENT ....................................................................................3

I.      Standard of Review.................................................................3

II.     The Board Properly Declined to Import "Location Service" From the Specification Into the Claims of the '739 Patent...........................3

III.    The Board Correctly Construed The Term "Determin[ing/e] a Current Location" to Address Validity of the Claims Over Oh. ................7

        a.      The Board's Construction is Well-Supported by the Claim Language and Written Description. .....................................7

IV.     The '739 Patent Teaches That Using a Location Service is Optional.............9

        a.      The '739 Patent Discloses Determin[ing/e] a Current Location Without the Optional Location Service.................................9

        b.      The Specification Repeatedly States that the Claims Are Not Limited By the Exemplary Embodiments...........................11

        c.      The Use of a  Location Service Disclosed in the Embodiment of Figure 9 is Expressly Optional and Exemplary...................17

V.      Vivint Mischaracterizes the Circumstances Under Which The Board Included the "Computing Device" Requirement...........................21

VI.     Vivint's "Additional Considerations" Do Not Support Adopting Its Proposed Construction................................................................23

CONCLUSION .................................................................................26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*,
   521 F.3d 1328 (Fed. Cir. 2008) ............................................................25

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*,
   73 F.3d 1573 (Fed. Cir. 1996) ........................................................24, 25

*GPNE Corp. v. Apple Inc.*,
   830 F.3d 1365 (Fed. Cir. 2016) ............................................................22

*H-W Tech., L.C. v. Overstock.com, Inc.*,
   758 F.3d 1329 (Fed. Cir. 2014) ....................................................4, 13, 19

*Hamilton Beach Brands, Inc. v. f'real Foods, LLC*,
   908 F.3d 1328 (Fed. Cir. 2018) ..............................................................3

*Hill-Rom Co. v. Kinetic Concepts, Inc.*,
   209 F.3d 1337 (Fed. Cir. 2000) ............................................................11

*In re Rambus Inc.*,
   694 F.3d 42 (Fed. Cir. 2012) ................................................................10

*Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*,
   381 F.3d 1111 (Fed. Cir. 2004) ......................................6, 14, 15, 20

*Intel Corp. v. XMTT, Inc.*,
   No. 2021-2127, 2022 WL 1152312 (Fed. Cir. Apr. 19, 2022)...........................23

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 116 S. Ct. 1384,
   134 L. Ed. 2d 577 (1996) ....................................................................16

*MPHJ Tech. Invs., LLC v. Ricoh Ams. Corp.*,
   847 F.3d 1363 (Fed. Cir. 2017) ....................................................4, 13, 19

*N. Star Innovations, Inc. v. Hirshfeld*,
   No. 2020-1874, 2021 WL 5121180 (Fed. Cir. Nov. 4, 2021) ...........................2

*Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*,
   868 F.3d 1013 (Fed. Cir. 2017) ............................................................22

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ...................................................................passim

*Polara Eng'g Inc. v. Campbell Co.*,
  894 F.3d 1339 (Fed. Cir. 2018) ...........................................................................23

*Rexnord Corp. v. Laitram Corp.*,
  274 F.3d 1336 (Fed. Cir. 2001) .....................................................................13, 19

*SB IP Holdings, LLC v. Vivint Smart Home, Inc.*,
  No. 4:20-cv-00886 ...................................................................................................1

*Schindler Elevator Corp. v. Otis Elevator Co.*,
  593 F.3d 1275 (Fed. Cir. 2010) ...........................................................................23

*Sisvel Int'l S.A. v. Sierra Wireless, Inc*,
  81 F.4th 1231 (Fed. Cir. 2023) ...................................................................5, 12, 13

*Thorner v. Sony Computer Ent. Am. LLC*,
  669 F.3d 1362 (Fed. Cir. 2012) ...................................................................8, 11, 20

*Vitronics Corp. v. Conceptronic, Inc.*,
  90 F.3d 1576 (Fed. Cir. 1996) ..............................................................................16

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
  200 F.3d 795 (Fed. Cir. 1999) ..............................................................................22

*Vivint, Inc. v. ADT LLC*,
  No. 2:21-cv-00115 ...................................................................................................1

**Statutes & Rules**

35 U.S.C. § 103 .............................................................................................................1

35 U.S.C. § 112 ......................................................................................................25, 26

**Other Authorities**

U.S. Patent No. 7,638,924 ..................................................................................passim

U.S. Patent No. 7,956,739 ..................................................................................passim

## STATEMENT OF RELATED CASES

*Vivint, Inc. v. ADT LLC*, No. 2:21-cv-00115 in the United States District Court for the District of Utah, and *SB IP Holdings, LLC v. Vivint Smart Home, Inc.*, No. 4:20-cv-00886 in the United States District Court for the Eastern District of Texas, will be directly affected by this court's decision in the pending case.

## INTRODUCTION

On *inter partes* review, the Patent Trial and Appeal Board (the "Board") ruled that all 17 claims of U.S. Patent No. 7,956,739 were invalid under 35 U.S.C. § 103 in view of U.S. Patent No. 7,683,924 ("Oh") alone or in combination with other references.  In its ruling, the Board declined to import limitations from one of the disclosed example embodiments into the claims.  This Court should affirm the Board's ruling because the Board's construction was correct and supported by binding precedent which requires that claims are accorded their plain and ordinary meaning where, as here, the patentee evinced no clear intent to narrow the claims to a particular optional embodiment.

## STATEMENT OF ISSUES PRESENTED

Did the Board correctly decline to import the "optional location service" from an exemplary embodiment of the specification into the claims of the '739 Patent?

## SUMMARY OF ARGUMENT

As the Board held, the specification of the '739 Patent "makes it abundantly clear that the use of a 'location service' is 'optional'", and Vivint's contrary argument should be rejected.  APPX00017; *citing* APPX00152 at 5:30–38, 5:45, 6:39–40; APPX00153 at 7:20–24.  The Board correctly held that the ***optional*** "location services" element should not be imported from the written description into each claim of the '739 Patent.

This Court has "'repeatedly warned against'" "'importing limitations from the specification into the claim.'" *N. Star Innovations, Inc. v. Hirshfeld*, No. 2020-1874, 2021 WL 5121180, at *5 (Fed. Cir. Nov. 4, 2021) (*quoting Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005)).  And the Court has further expressly "rejected the contention [that even] 'if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment'".  *Id*.

In a decision firmly rooted in these legal principles, the Board properly construed the claim limitation "[determining or determine] a current location as including determining a physical location of a computing device associated with the user".  APPX00022 (internal citations omitted).  The Board then properly determined all challenged claims are unpatentable as obvious over Oh, alone or in combination with other references.  APPX00068.  Vivint does not challenge the

correctness of the Board's determination that the claims of the '739 Patent are

obvious under the Board's construction of "determin[ing/e] a current location".

And because that construction is correct, there was no need for the Board to

determine whether the Oh reference teaches the use of a location service.

The Board's decision determining all claims of the '739 Patent are

unpatentable should be affirmed.

## ARGUMENT

## I.    Standard of Review

"Claim construction based solely upon intrinsic evidence, as is the case here,

is a matter of law reviewed de novo." *Hamilton Beach Brands, Inc. v. f'real*

*Foods, LLC*, 908 F.3d 1328, 1339 (Fed. Cir. 2018).

## II.   The Board Properly Declined to Import "Location Service" From the Specification Into the Claims of the '739 Patent.

Vivint's appeal rests entirely on the premise that if the ***specification***

consistently includes an element in its description of the invention, the ***claims***

should be limited to that element, even where the element is ***not recited in the***

***claims***.  But as this Court has recognized, Vivint's premise is wrong as a matter of

law:  "although the specification often describes very specific embodiments of the

invention, we have repeatedly warned against confining the claims to those

embodiments". *Phillips*, <u>415 F.3d at 1323</u>.[1]  Thus, Vivint asks the Court to do precisely what precedents forbid—read an unclaimed, and explicitly optional, element from the specification, "location service,"—into each claim of the challenged '739 Patent.  Vivint's premise is also factually wrong, as the '739 Patent ***does*** disclose embodiments without the limitation Vivint is attempting to import into the claims.

Vivint does not dispute that no claim—independent or dependent—of the '739 Patent recites the use of a "location service".  <u>APPX00154</u>–155 at 10:15–11:22.  Instead, Vivint argues that the claim terms "determin[ing/e] a current location of the [watcher/user]" (which appear in each claim) should be construed to include a further limitation that the current location may be determined ***only*** through the use of a "location service".  Vivint Br. 6.  The Board, citing this Court's decisions in *MPHJ Tech. Invs., LLC v. Ricoh Ams. Corp.*, <u>847 F.3d 1363, 1369</u> (Fed. Cir. 2017); *H-W Tech., L.C. v. Overstock.com, Inc.*, <u>758 F.3d 1329, 1334</u> (Fed. Cir. 2014); and *Phillips*, <u>415 F.3d at 1323</u>, properly rejected Vivint's argument.  <u>APPX00018</u>.  The Board's construction should be affirmed.

---

[1] *Phillips* acknowledges an exception to the presumption in favor of a plain and ordinary meaning "where the patentee, acting as his or her own lexicographer, has clearly set forth an explicit definition of the term different from its ordinary meaning." <u>415 F.3d at 1319</u>.  However, Vivint does not identify any explicit definition in the specification of the '739 Patent.

The Board's claim construction rests on principles that were recently reaffirmed by this Court. In *Sisvel Int'l S.A. v. Sierra Wireless, Inc*, <u>81 F.4th 1231</u> (Fe<u>d. Cir. 2023</u>), this Court reaffirmed the principle that—contrary to the argument advanced by Vivint—limitations from the specification should ***not*** be imported into the claims. In *Sisvel*, the claims were directed to connecting to a cellular network. *Id*. at 1237. There, the patent owner argued (much as Vivint does here) that the Board erred by not limiting the claims to only the types of cellular networks (UMTS and GSM) described in the specification, as those "are the only specific networks identified by [the patents] that actually send connection rejection messages." *Id*. This Court affirmed the Board's decision that the claim term at issue should be afforded its plain and ordinary meaning, quoting from *Phillips*: "'although the specification often describes very specific embodiments of the inventions, we have repeatedly warned against confining the claims to those embodiments'". *Id*. at 1236, quoting *Phillips*, <u>415 F.3d at 1323</u>.

Contrary to *Sisvel* and this Court's other precedents, Vivint argues that "the Board confused interpretation with importing limitations," but makes no attempt to support this conclusory statement. Vivint Br. 14. It is unclear how Vivint's proposed construction could be interpreted as anything other than the prohibited act of importing the "using a location service" limitation from the specification. Vivint makes no argument that the language of the claims on its own requires or

even implies Vivint's construction. Nor does Vivint argue that a person of ordinary skill in the art would have understood the phrase "determin[ing/e] a current location" to mean determin[ing/e] a location "using a location service".

Instead, Vivint attempts to circumvent the controlling precedent by arguing that restricting the claims to "using a location service" is merely the exercise of "interpreting" the claim in light of the specification. Vivint Br. § II(A). But, in this three-sentence-long section of its brief, Vivint provides no actual explanation of why it believes the Board erred. In truth, Vivint's interpretation/importation distinction is illusory. Vivint seeks to insert additional, narrowing limitations that appear nowhere in the claims and that are expressly identified as "optional" in the specification. Vivint is not "interpreting" the claim language; Vivint is altering it. This Court has consistently ruled against altering claims in this manner, including in the very cases cited by Vivint. *Id*. at 13–14, citing *Phillips*, 415 F.3d at 1328 (reversing district court ruling where district court improperly imported limitations from preferred embodiment into the claims); and *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1118 (Fed. Cir. 2004) (similarly reversing district court ruling where district court improperly imported limitations from preferred embodiment into the claims).

III. **The Board Correctly Construed The Term "Determin[ing/e] a Current Location" to Address Validity of the Claims Over Oh.**

The Board was tasked with determining if the claims of the '739 Patent are valid over the cited prior art, including Oh. Vivint's primary argument distinguishing the claims from Oh relied on its proposed construction of "determining a location" (which improperly imported the "location services" limitation from the specification). APPX00017–18, APPX00036. The Board correctly noted that the specification of the '739 Patent expressly teaches that the embodiments using location services are optional and exemplary, and thus rejected Vivint' construction. APPX00017–18. The Board also correctly held that the plain and ordinary meaning of "determin[ing/e] a location" was broad enough to include the system taught in Oh. APPX00022, APPX00036.

a. **The Board's Construction is Well-Supported by the Claim Language and Written Description.**

The Board ruled that "we construe the claim term '[determining or determine] a current location' ***as including*** determining a physical location of a computing device associated with the user". APPX00022 (emphasis added); *see, also,* APPX00036. To reach this determination, the Board first analyzed the language of the claims, which "d[o] not in any way indicate a specific method" of determin[ing/e] a current location. APPX00016. Vivint does not take issue with this aspect of the Board's decision.

7

The Board next looked to the specification and determined that the claim term "determin[ing/e] a current location" must be afforded its plain and ordinary meaning under the binding precedent because the specification did not include either of two exceptions, namely (i) when a patentee sets out a definition and acts as his own lexicographer, or (ii) when the patentee disavows the full scope of the claim term either in the specification or during prosecution. *Id.*, *citing Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing *Phillips*, 415 F.3d at 1313). The Board expressly relied upon much of the language of the '739 Patent cited below in which the specification "makes it abundantly clear that the use of a 'location service' is 'optional'". APPX00017.

Both parties agreed that the construction of determining a location at least included determining the location of a computing device or mobile device associated with the user/watcher. APPX03215; APPX00013. The Board agreed that the plain and ordinary meaning, as understood by a person of ordinary skill in the art, would encompass determining the location of a computing device. APPX00022. In reaching this conclusion, the Board noted that the purpose of determining the location of the user/watcher in both the claims and specification is to establish communication therewith. APPX00013. This communication is established with the user's computing device. *See, e.g.,* APPX00150 at 1:58–62, APPX00152 at 5:11–14, 39–49, 154 at claims 3, 4, and 5. The Board did not need

8

to go any further in its construction, after determining that the plain and ordinary meaning "includ[es] determining a physical location of a computing device associated with the user" because it found that "Oh discloses this limitation." APPX00036.

## IV.   The '739 Patent Teaches That Using a Location Service is Optional.

This Court's precedents are clear that limiting the claims to specific embodiments of the specification, even where no other embodiments are taught (which is not, in fact, the case), is improper.  However, even if this were not the law, the Board's decision should be affirmed because the '739 Patent does not teach that its embodiments are limited to using a location service.

### a.    The '739 Patent Discloses Determin[ing/e] a Current Location Without the Optional Location Service

Vivint argues that "[t]he specification teaches that 'determining a location' requires using a location service to determine location".  Vivint Br. 7.  Not so.  The specification never so "requires".

The specification of the '739 Patent expressly discloses an embodiment in which the "[d]oorbell application 232 determines a location of the user (resident)", who "may be in a remote location" in the description of Figure 4.  APPX00152–153.  The specification makes a clear distinction between the "doorbell application 232" and the "optional location service 236", and nothing in that embodiment requires that the doorbell application use the location service.  *Id*.  The fact that the

"optional location service 236" is not a necessary component of the embodiment of

Figure 4 (reproduced below, highlighting added) is further emphasized by the

figure itself, in which the "optional location service 236" is connected to the

system by a dotted line, whereas the necessary components are connected by solid

lines.



**FIG. 4**

This is consistent with the Abstract, which states that the invention

"determine[es] the location of a user" and makes no reference to a location service.

Vivint's proposed construction is thus contrary to the specification. *See In re*

*Rambus Inc.*, 694 F.3d 42, 47 (Fed. Cir. 2012) (rejecting construction that relied on

10

"specification language [that] shows only that the invention can be carried out with a" particular device, but "does not require the invention to be so performed"); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1341 n.1 (Fed. Cir. 2000) ("We have frequently looked to the abstract to determine the scope of the invention").

> **b.    The Specification Repeatedly States that the Claims Are Not Limited By the Exemplary Embodiments.**

Even if this Court were to ignore the embodiments disclosed which do not include the "optional location service," it would be improper to import limitations from the specification into the claims. For a disclosed embodiment to limit a claim, "it is [] not enough that the only embodiments, or all of the embodiments, contain a particular limitation . . . there must be a clear and unmistakable disclaimer." *Thorner*, 669 F.3d at 1366–67. Vivint does not, and cannot, identify any statement by the patentee that constitutes such a clear and unmistakable disclaimer.

Indeed, the written description of the '739 Patent does the opposite, repeatedly stating that the embodiments are ***not*** limiting and labelling embodiments as "optional", "illustrat[ive]" or "examples." *See, e.g.,* APPX00150 at 2:42–44 (the disclosed embodiments are "not to be taken in a limiting sense, and the scope of the present invention is defined by the appended claims and their equivalents"), APPX00154 at 10:11–13 ("the specific features and acts described above ***are disclosed as example forms*** of implementing the claims and

11

embodiments.") (emphasis added).  This Court has held that language substantially similar to this teaches that the disclosed embodiments are exemplary only and are non-limiting to the scope of the claim terms.  *See, e.g., Sisvel Int'l S.A.,* 81 F.4th at 1236 (refusing to read in limitation where the "language [of the specification] clearly is permissive, not mandatory") (internal citation omitted).

Each passage of the specification specifically discussed by Vivint further emphasizes that the '739 Patent's embodiments are only illustrative.  For example, the '739 Patent begins its description of FIG. 2 with:

> FIG. 2 and the following discussion are intended to provide a brief, ***general description*** of a suitable computing environment in which the invention ***may be*** implemented.  Referring to FIG. 2, ***an example*** doorbell presence service architecture, where ***example embodiments*** may be implemented, is illustrated.

APPX00151 (emphasis added).  Similar language is used for the embodiments of FIGS. 4, 5, and 9.  *See, e.g.,* APPX00152 at 6:50–52 ("FIG. 4 illustrates the ***example*** doorbell presence service of FIG. 2 integrated with IMS architecture according to embodiments") (emphasis added); APPX00153 at 7:13–14 ("FIG. 5 illustrates a conceptual diagram of components of ***an example*** doorbell presence service") (emphasis added); APPX00154 at 9:16–18 ("FIG. 9 illustrates a logic flow diagram for a process of providing doorbell presence service according to one embodiment") (emphasis added).  This labeling of the embodiments as examples closely mirrors language that this Court has consistently held "reflect[s] the

inventor's teaching that his invention could be embodied 'in various ways."
*Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1345 (Fed. Cir. 2001) (internal
quotations omitted).

Moreover, when discussing the use of a location service, the '739 Patent
repeatedly states that its use is ***optional***, and not a required part of the claimed
invention. *See, e.g.,* APPX00152 at 5:29–30 ("Applications layer 130 includes
doorbell application 232, presence server 234, and optional location service 236"),
5:32–36 ("Doorbell application 232 is configured to receive notification from
doorbell 202, communicate with presence server 234 and optional location service
236 to determine a location and reach the user through computing device 204"),
5:45–48 ("Optional location service 236 is arranged to determine a location of the
user and provide it to doorbell application 232 such that communication with the
user can be established"), 6:39–40 ("SLF 342 may be an interface function for the
optional location service 236 of architecture 200").  This Court has consistently
held that expressly "optional" functionality cannot limit the scope of a claim. *See,
e.g., H-W Tech., L.C.*, 758 F.3d at 1334 ("The optional nature of such services
negates any argument that such a limitation in the claim is implied as necessary to
the invention."); *MPHJ Tech.*, 847 F.3d at 1369 (refusing to read in limitation
expressly described as "optional"); *Sisvel Int'l S.A.*, 81 F.4th at 1236 (refusing to

13

read in limitation where the "language [of the specification] clearly is permissive, not mandatory") (internal citation omitted).

The figures reinforce that the use of a location service is optional. For example, FIG. 5 (reproduced below, highlighting added) connects the "optional location service 236" via a dotted line in order to indicate that it is an optional element. *See, also, supra* Figure 4 reproduced at p. 10.



*FIG. 5*

Vivint's cited authorities do not support its contention that the claim term "determin[ing/e] a current location" requires using a location service. In both *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1118 (Fed. Cir. 2004), and *Phillips,* 415 F.3d at 1311, this Court held that the district

14

Case: 23-1787    Document: 23    Page: 26    Filed: 10/25/2023

court had improperly imported limitations from the specification based on the preferred or sole embodiment(s) disclosed in the specification.

In *Innova/Pure Water,* defendant Safari argued that the claim term "operatively connected" should be construed to require components to be "tenaciously physically engaged" because "at 'every point' in the written description where 'operatively connected' is discussed, it is discussed as having the 'common denominator' of tenacious physical engagement." 381 F.3d at 1120. The Court rejected this argument, stating that Safari failed to "point[] to a statement in the written description that clearly and unmistakably shows the applicant's intent to limit the scope of the claims to tenacious physical engagement." *Id.* The same reasoning applies here: Vivint argues that virtually "every reference to determining location [in the patent] is to determining location using a location service", Vivint Br. 13[2], but never cites any statement that "clearly and unmistakably shows the applicant's intent to limit the scope of the claims" to using a location service. *Innova/Pure Water*, 381 F.3d at 1120.

In *Phillips*, this Court held that the claim term "baffles" should not be limited to the described embodiments. 415 F.3d at 1328. Specifically, this Court held that the claimed "baffles" would include structures extending at right angles

---

[2] Vivint concedes that at least one reference to "determining a location" does ***not*** include the use of a location service. Vivint Br. 13.

despite the only described embodiments having structures extending at acute/obtuse angles.  The Court explained that "[m]uch of the time, upon reading the specification in that context, it will become clear ***whether the patentee is setting out specific examples of the invention*** to accomplish those goals, ***or whether the patentee instead intends for the claims and the embodiments in the specification to be strictly coextensive***".  *Id.* at 1323 (emphases added).  Here, there is no question what the intent of the patentee was, as the written description explicitly states that the described embodiments are "not to be taken in a limiting sense" (APPX00150) and where use of a location service is explicitly "optional".

The remaining two cases cited by Vivint are inapplicable.  In both *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584–85 (Fed. Cir. 1996), and *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996), the Court ruled on the use of ***extrinsic*** evidence in claim construction, not on the issue of importing limitations from the specification.  Vivint contends that, because the Board included two quotes from an expert in its decision, it relied upon extrinsic evidence.  Vivint Br. 24.  However, reading the actual quotes shows that the Board first determined the plain and ordinary meaning of the disputed term, and then merely noted that the expert did not establish that a POSITA would understand the term differently.  APPX00017, APPX00020.

16

A straightforward application of this Court's precedent compels the conclusion that the written description of the '739 patent does not require the exclusive use of a "location service" to perform the limitation of "determin[ing/e] a current location".

### c.    The Use of a  Location Service Disclosed in the Embodiment of Figure 9 is Expressly Optional and Exemplary

As discussed above, Vivint's attempt to import a "location service" into the claims fails because the specification makes clear that the "location service", in particular, is optional.  *See, e.g.*, APPX00152 at 5:29–30 ("Applications layer 130 includes doorbell application 232, presence server 234, and optional location service 236").  Vivint nevertheless contends that "the specification does *not* describe the *use* of a location service as optional, in connection with Figure 9". Vivint Br. 21.  But this argument ignores the context of Figure 9 and that Figure 9 is only one example of many.

Figure 9 is expressly just one example embodiment of a process of operating the system described elsewhere in the specification.  The '739 Patent describes Figure 9 as illustrating a logic flow diagram for a process of providing doorbell presence service "according to ***one embodiment***."  APPX00154 at 9:16–18 (emphasis added).   The written description goes on to state that this process "***may be*** implemented in doorbell presence application 232." *Id*. at 9:18–19 (emphasis added).  And the description of Figure 9 is immediately succeeded by the

17

clarifying statement, "it is to be understood that the subject matter defined in the appended claims **is not necessarily limited** to the specific features or acts described above. Rather, the specific features and acts described above are disclosed as **example forms** of implementing the claims and embodiments." *Id*. at 10:8–13 (emphasis added).

Also, as noted above, the written description begins with the unequivocal statement that "[i]n the following detailed description, references are made to the accompanying drawings that form a part hereof, and in which are shown by way of illustrations **specific embodiments or examples**. . . [t]he following detailed description is therefore **not to be taken in a limiting sense**, and the scope of the present invention is defined by the appended claims and their equivalents." APPX00150 at 2:35–44 (emphasis added). The intent of the patentee not to limit the claims to the disclosed example embodiments, is made crystal clear through these passages. Accordingly, even if Vivint were correct that the location services is not an optional component of Figure 9, it would still be improper to import the location services element of this one example into the claims.

Moreover, Vivint incorrectly characterizes the illustrative embodiment of Figure 9.[3] Vivint argues that "[t]he specification's use of 'optional' in connection with the architecture but not the process avoids a divided infringement problem, by making clear that the location service used by the patented process does not need to be provided by the infringer." Vivint Br. 21. Vivint's argument, and indeed its entire proposed claim construction, thus depends on the only sentence in the specification that ***does not*** explicitly describe the location service as "optional": "[a]t operation 904, the doorbell application 232 determines a current location of the resident using a location service." Vivint Br. 21; APPX00154 at 9:26–27.

But the context in which this apparently talismanic sentence appears, discussing process 900, makes clear that it is not undoing the rest of the written description's disclosure of a location service as "optional". This Court has consistently held that it is improper to narrow claims based on embodiments where such embodiments are accompanied by statements that they are illustrative or merely examples. *See, e.g.*, *MPHJ Tech. Invs., LLC*, 847 F.3d at 1369; *H-W Tech., L.C.*, 758 F.3d at 1334; *Rexnord Corp.*, 274 F.3d at 1345 (Fed. Cir. 2001). That is the case here. The sentence Vivint cites is followed shortly thereafter by the

---

[3] Vivint seemingly concedes that the '739 Patent teaches that the "optional location service 236" of Figure 2 is indeed an optional feature. Vivint Br. 9, 11, 18.

statement that "[t]he operations included in ***process 900*** are for ***illustration purposes***.  Providing doorbell presence service ***may be implemented by similar processes*** with fewer or additional steps, as well as in different order of operations using the principles described herein." APPX00154 at 9:66–10:3 (emphasis added).  Thus, the patent emphasizes that the steps of process 900, ***including using the location services***, are optional steps that may be substituted by other operations.[4]

Vivint's divided infringement argument further ignores the other embodiments where the location of the user is determined by the "doorbell application 232" rather than the "optional location service 236." APPX00152–153.  The embodiment of Figure 4 makes it clear that the use of "optional" was not meant to indicate that the optional location service 236 were part of the application layer 200 or external to it, but rather whether the optional location service 236 was used at all.

The simple fact is that Vivint was free to seek claims limiting its purported invention to the use of location services, as it claims Figure 9 is so limited, but

---

[4] These statements are the antithesis of the "clear and unmistakable disclaimer" of claim scope required by the binding precedent to import a limitation from the specification into the claims.  *Thorner*, 669 F.3d at 1366–67; *see, also, Phillips* 415 F.3d at 1323 (Fed. Cir. 2005); *Innova/Pure Water*, *Inc.*, 381 F.3d at 120.

chose not to do so. It cannot now import limitations from the specification to try to save its claims from obviousness.

## V. Vivint Mischaracterizes the Circumstances Under Which The Board Included the "Computing Device" Requirement.

Vivint also attempts to suggest that its own (incorrect) proposed construction importing an optional embodiment into the claims is supported because the Board *already* imported limitations into the claim terms by stating that "determining a physical location" includes "determining a physical location of a computing device associated with the user." Vivint Br. 15–16. *First*, Vivint pretends that the Board made this determination unprompted. APPX00011. Not so. Before the Board, *Vivint* argued that the "plain meaning" of this term included a physical location of a computing device (or mobile device) associated with the user. APPX03215. On appeal, Vivint now reverses course, arguing that the Board's acceptance of Vivint's argument means that the Board did not construe "determin[ing/e] a current location of the user" to have its plain and ordinary meaning. Vivint Br. 15–17.

Vivint mischaracterizes the Board's decision as holding that the plain and ordinary meaning of "determin[ing/e] a current location of the user" means determining a physical location of a computing device associated with the user. Vivint Br. 15. But the Board specifically ruled that "we construe the claim term '[determining or determine] a current location' *as including* determining a physical location of a computing device associated with the user." APPX00022,

21

emphasis added; *see, also,* APPX00036.  It did not rule that the construction *is limited to* determining a physical location of a computing device associated with the user as indicated by Vivint.  Vivint Br. 16.  To resolve the controversy before it, the Board did not need to determine the full scope of the claims at issue, only if the claims at issue were patentable over Oh (which they are not).

It is well-established law that the Board "only construe[s] terms that are necessary to resolve disputes."  *See Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F.3d 1013, 1017 (Fed. Cir. 2017).  Further, claims only need be construed "'to the extent necessary to resolve the controversy.'"  *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1372–73 (Fed. Cir. 2016), quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999).  In the present case, the relevant controversy presented to the Board was whether or not the claims of the '739 Patent are unpatentable over Oh.  Accordingly, the Board did not need to determine the full breadth of the claim term; it was required only to determine if the claims are broad enough to encompass the teachings of Oh.  As the Board noted, Oh taught determining the location of a mobile wireless terminal designed to be carried by the user.  Because the disputed claim term was broad enough to "*includ[e]* determining a physical location of a computing device associated with the user", it was obvious over Oh.  APPX00036 (emphasis added).

Additionally, Vivint is estopped from altering its claim construction argument on appeal after the Board agreed with it that the plain meaning included determining the location of a computing device associated with the watcher/user. *See, e.g.*, *Polara Eng'g Inc. v. Campbell Co.*, 894 F.3d 1339, 1352 (Fed. Cir. 2018) ("We look with extreme disfavor on Campbell's assertion that the district court erred by adopting a claim construction position it advocated at trial."); *Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275, 1282 n.1 (Fed. Cir. 2010) ("Schindler also requests that we strike the phrase 'via electromagnetic waves' from the district court's construction of 'information transmitter.' But the construction of 'information transmitter' that Schindler proposed to the district court included that very phrase. We therefore decline to alter the district court's construction.").[5]  Vivint has further waived this argument by not raising it before the Board.

## VI.    Vivint's "Additional Considerations" Do Not Support Adopting Its Proposed Construction.

Vivint's "additional considerations" (Vivint Br. § II(D)) rely upon its mischaracterization of the Board's determination.  As noted above, the Board did

---

[5] This Court held the same in an appeal from an IPR proceeding, although the opinion was non-precedential. *Intel Corp. v. XMTT, Inc.*, No. 2021-2127, 2022 WL 1152312, at *1 (Fed. Cir. Apr. 19, 2022) (holding that a party was judicially estopped from "advocat[ing] for a claim construction that is clearly inconsistent with its position before the Board").

not hold that the claim term "determin[ing/e] a current location" was limited to determin[ing/e] a location of a computing device, only that the claim term was broad enough to **include** determin[ing/e] the location of a computing device. This determination was all that was necessary to resolve the issue of whether or not the claims of the '739 Patent were unpatentable over Oh.

Nor is the *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573 (Fed. Cir. 1996) case cited by Vivint applicable. Vivint Br. 23–24. There, the Court was tasked with determining if the claim term "varies between minimum distances . . . and a maximum distance" is limited to switching just between the minimum and maximum values, or also includes intermediate values. *Athletic Alts.*, 73 F.3d at 1578. The Court found that the claim should not be limited by the specification, which described a racket with a specific pattern of splay. *Id*. at 1578–81. In reaching this decision, the Court reasoned that when "the specification contains neither a definition of the phrase 'varies between' nor a suggestion that AAI sought to assign to claim terms anything but their ordinary and accustomed meanings, those are the meanings we must give them." *Id*. at 1578.

Thus, the Court in *Athletic Alternatives* decided that the claims should be afforded their plain and ordinary meaning. *Id*. at 1578–81. However, because the Court determined that there were two equally possible plain and ordinary meanings, the Court applied the narrower of the possible plain and ordinary

24

meanings to comply with the notice purpose of 35 U.S.C. § 112. *Id*. at 1581. The principle that, when addressing ambiguity in the plain and ordinary meaning, a court should adopt the narrower meaning is inapplicable to Vivint's proposed claim construction, which Vivint admits is ***not*** a plain and ordinary meaning but instead is drawn from the written description.

Indeed, there can be no dispute that the plain and ordinary meaning of "determin[ing/e] a current location" is ***not*** limited to using a location service. Vivint's argument is that the plain and ordinary meaning should be rejected and instead the claim should be ***narrowed*** to a disclosed example embodiment. *Athletic Alternatives* is instructive on this point, holding that where "the specification contains neither a definition" of the disputed term "nor a suggestions that [the patentee] sought to assign the claim terms anything but their ordinary and accustomed meaning, those are the meanings we must give them". *Id*. at 1578.

Vivint's citation to *Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008), serves to emphasize the legal error in Vivint's argument. Vivint Br. 24. In that case, the Court addressed the claim term "control means", which the Court and the parties agreed was a means-plus-function claim term under 35 U.S.C. § 112. *Aristocrat Techs.*, 521 F.3d at 1331. Means-plus-function claims are an ***exception*** to ordinary claim construction as such claims are limited to the disclosed embodiments in specification by statute. 35 U.S.C. § 112.

*Id.* The disputed claim term in the present action is not a means-plus-function limitation, nor has Vivint argued that it is, and therefore the scope is not limited by the disclosed embodiments.

## **CONCLUSION**

The Board properly rejected Vivint's argument that the claim term "determin[ing/e] a current location" should be construed to be limited to the use of a location service—an exemplary (and optional) embodiment from the specification. Not only is the specification of the '739 Patent devoid of any "clear and unmistakable disclaimer" so limiting the meaning of "determin[ing/e] a current location," as would be required under binding caselaw to import a limitation from the specification into the claims, the patentee instead made numerous statements unequivocally establishing that the use of a location service is "optional". Accordingly, this Court should affirm the Board's decision.

Dated:  October 25, 2023

CRAVATH, SWAINE & MOORE LLP

*/s/ Sharonmoyee Goswami*

Keith R. Hummel
Sharonmoyee Goswami
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
khummel@cravath.com
sgoswami@cravath.com

Attorneys for Appellees